United States District Court
District of Minnesota

| | |
|---|---|
| Frank DiPietro,<br><br>  Plaintiff,<br><br>v.<br><br>Como Law Firm, P.A., Tom Marko, and Does 1-10,<br><br>  Defendants. | Court file no. _____<br><br><br>**Complaint**<br><br>**JURY TRIAL DEMANDED** |

## Jurisdiction

1. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p ("FDCPA") in their illegal efforts to collect a consumer debt.

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper because the acts and transactions occurred in Minnesota, Plaintiff resides in Minnesota, and Defendant transacts business in Minnesota.

Page 1

## Parties

4. Plaintiff Frank DiPietro is a natural person who resides in North Oaks, County of Ramsey, State of Minnesota, and is a "consumer" as defined by 15 U.S.C. § 1692a(3).

5. Como Law Firm, P.A. ("Como Law Firm") is a Minnesota corporation and collection law firm that operates from an address of 1543 Como Ave #102, St. Paul, MN 55108. Como Law Firm is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

6. Defendant Tom Marko is a natural person that was employed by Defendant Como Law Firm at all relevant times, and is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

7. Defendant Does 1-10 are each a natural person that were each employed by Defendant Como Law Firm at all relevant times, and each one is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## Factual Allegations

### Background

8. In or before 2012, Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes and is therefore

a "debt" as defined by 15 U.S.C. § 1692a(5), namely a bill for medical services for his son in the appoximate amount of $1,100, which was used for personal, family, and household purchases.

9. Sometime thereafter, the debt was consigned, placed or otherwise transferred to Defendant for collection.

*Defendant Como Law Firm's Collector Harasses Plaintiff's Wife*

10. On or about March 1, 2013, Defendant contacted Plaintiff's household by phone in an effort to collect this debt, which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

11. The caller i.d. at Plaintiff's residence displayed a number that relates to Defendant Como Law Firm.

12. Plaintiff's wife answered the phone and spoke with a collector from Defendant Como Law Firm.

13. Defendant Como Law Firm's collector asked to speak with Plaintiff, or words to that effect.

14. Plaintiff's wife said that Plaintiff was not there, or words to that effect.

15. Defendant Como Law Firm's collector asked where Plaintiff was, because he needed to speak with him, or words to that effect.

16. Plaintiff's wife asked Defendant Como Law Firm's collector who they were, or words to that effect.

17. Defendant Como Law Firm's collector ignored the request and asked Plaintiff's wife who she was, or words to that effect.

18. Plaintiff's wife explained that she needed to know who she was talking to, or words to that effect.

19. Defendant Como Law Firm's collector said he refused to identify himself if Plaintiff's wife would not identify herself, or words to that effect.

20. Defendant Como Law Firm's collector then abruptly hung up on Plaintiff's wife.

21. The above-described summons and complaint was a collection communication in violation of numerous and multiple provisions of the FDCPA, including, but not limited to 15 U.S.C. §§ 1692b(1), 1692d, 1692e, and 1692e(10), among others.

### *Defendant Marko Harasses Plaintiff*

22. On or about March 7, 2013, Defendant Como Law Firm contacted Plaintiff in writing, specifically by serving him with a summons and complaint regarding the debt, and those documents were a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

23. Plaintiff was concerned about the validity of the debt, as he has health insurance coverage for both himself and his son. Plaintiff believed his insurance should have covered his son's services.

24. Soon after receiving the summons and compaint, Plaintiff contacted Defendant Como to discuss the debt, and this phone call became a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

25. Plaintiff spoke with Defendant Tom Marko, a collector working for Defendant Como.

26. Plaintiff explained that he was concerned about the validity of the debt, as he believed the services were covered by his insurance, or words to that effect.

27. Defendant Marko rudely asked Plaintiff "Who's Brian?" or words to that effect.

28. Plaintiff explained that Brian was his son.

29. Defendant Marko told Plaintiff that he owed the money, or words to that effect.

30. Plaintiff explained that he believed any services should have been covered by his insurance, and his insurance should have paid the bill, or words to that effect.

31. Defendant Marko angrily told Plaintiff "it took a year and a summons and complaint for you to call about this?" or words to that effect.

32. Defendant Marko then again demanded full payment or words to that effect.

33. In an attempt to resolve the situation, Plaintiff then attempted to resolve the alleged debt. Plaintiff told Defendant Marko that he could not afford the full balance, but he could potentially borrow some money or make payments on the debt, or words to that effect.

34. Defendant Marko then told Plaintiff that he needed to immediately pay balance in full, and he should the borrow the money from his relatives, or words to that effect.

35. Plaintiff explained that he could not pay the entire balance, but explained he wanted to work out a potential settlement or payment agreement, or words to that effect.

36. Defendant Marko then cut him off and said "you have no intention of paying us, you're wasting my time" or words to that effect. Defendant Marko then abruptly hung up on Plaintiff.

37. This call was a collection communication in violation of numerous and multiple provisions of the FDCPA, including, but not limited to 15 U.S.C. §§ 1692d, 1692e, and 1692e(10), among others.

### Summary

38. All of the above-described collection communications made to Plaintiff and Plaintiff's spouse by these individual Defendants and other collection employees employed by Defendant Como Law Firm, were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the provisions of the FDCPA cited herein.

39. Plaintiff has suffered actual damages as a result of Defendants' illegal conduct in the form of anxiety, emotional distress, and frustration, amongst other negative emotions.

### Respondeat Superior Liability

40. The acts and omissions of these individual Defendants, and the other debt collectors employed as agents by Defendant Como Law Firm who communicated with Plaintiff as more further described herein, were committed within the time and space limits of their agency relationship with their principal, Como Law Firm.

41. The acts and omissions by these individual Defendants and these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant Como Law Firm in collecting consumer debts.

42. By committing these acts and omissions against Plaintiff, these individual Defendants and these other debt collectors were motivated to benefit their principal, Defendant Como Law Firm.

43. Defendant Como Law Firm is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts,

errors, and omissions done in violation of federal law by its collection employees, including but not limited to violations of the FDCPA in their attempts to collect this debt from Plaintiff.

## Trial by Jury

44. Plaintiff is entitled to and hereby respectfully demand a trial by jury. US Const. Amend. 7; Fed. R. Civ. P. 38.

## Cause of Action

### Count 1:
### Violations of the Fair Debt Collection Practices Act
### 15 U.S.C. §§ 1692 et seq.

45. Plaintiff incorporates the foregoing paragraphs as though fully stated herein.

46. The foregoing intentional and negligent acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. §§ 1692–1692p.

47. As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and,

reasonable attorney fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every Defendant.

## Prayer for Relief

**Wherefore**, Plaintiff prays that judgment be entered against each Defendant for:

## Count 1:
## Violations of the Fair Debt Collection Practices Act
## 15 U.S.C. §§ 1692 et seq.

- statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

- actual damages pursuant to 15 U.S.C. § 1692k(a)(1) in an amount to be determined at trial;

- costs of litigation and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3); and

- for such other and further relief as may be just and proper.

[signature follows]

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | **The Ryder Law Firm, LLC** |
| Date: <u>October 15, 2013</u>_____ | <u>s/Randall P. Ryder</u>_____<br>Randall P. Ryder (#389957)<br>2701 University Avenue SE, #209<br>Minneapolis, MN 55414 |
|  | phone • 612.424.3770<br>fax • 612.605.3247<br>e-mail • email@theryderlawfirm.com |
|  | Attorney for Plaintiff |

## Verification of Complaint and Certification

STATE OF MINNESOTA )
                                          ) ss
COUNTY OF HENNEPIN )

Pursuant to 28 U.S.C. § 1746, Plaintiff Frank DiPietro having first been duly sworn and upon oath, verifies, certifies, and declares as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorney(s) and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: 10/15/13                              _____
                                                                     Frank DiPietro